

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. O-5519
Re: Whether or not the Com-
missioners' Court can
provide a resident dis-
trict judge with a type-
writer.

     Your letter of September 15, 1943, requesting the opinion of this department on the above stated question reads as follows:

     "May the Commissioners' Court provide a resident District Judge with a typewriter?

     "The only law I have been able to find is section 2 of article 3899b, Vernon's."

     Section 2 of Article 3899b, Vernon's Annotated Civil Statutes, provides:

     "Sec. 2. Suitable offices and stationery and blanks necessary in the performance of their duties may in the discretion of the Commissioners Court also be furnished to resident District Judges, resident District and County Attorneys, County Superintendents and County Surveyors, and may be paid for on order of the Commissioners Court out of the County Treasury."

     It is our opinion that the foregoing statute authorizes the Commissioners' Court to furnish a resident District Judge with a typewriter if in the opinion of that body it be necessary in the performance of the official duties of such Judge.

     Your inquiry presents a question of construction of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. A. Yohe, page 2

section 3 above quoted and presents a matter of first impression so far as we are advised.

In construing a statute the task is never ended until one arrives at the intention of the Legislature and is ended when that intention is discovered. Much has been said and written with respect to "liberal construction" and as much again perhaps has been said with respect to "strict construction". But after all the objective is the intention of the Legislature.

The latest edition of Sutherland on Statutory Construction has this to say:

"One of the most significant tools of statutory construction is the approach to statutory meaning by the process of liberal or strict interpretation. In a general sense 'strict' or 'liberal' construction constitutes an attitude of mind assumed by the person or judge confronted with a statute and the problem of applying that statute to a particular set of facts. The chief value of the device is to be found in the fact that it serves as a synoptic expression which recognizes the intrinsic and extrinsic aids of construction, and the interrelation of those aids to the social and economic problems with which the statute deals.

"'Strict' and 'liberal' construction are relative, but converse terms, and will vary in degree according to the nature of the statute, and the rights and persons affected thereby. A statement that all statutes are interpreted either strictly or liberally because a statute is penal or remedial carries little meaning. A strict or liberal interpretation will depend upon a combination of many factors. Broadly speaking, a strict or liberal interpretation will be made with reference to four differing elements. They are: (1) With reference to former law; (2) With reference to the persons and rights affected; (3) With reference to the letter or language of the statute, and (4) With reference to the purposes and objects of the statute."

Maryland Casualty Company vs. Smith 40 S. W. (2nd) 913 in succint form announces the proper rule as follows:

Honorable R. S. Wyche, page 3

"We are of the opinion that the term 'liberal con-
struction' means to give the language of a statutory
provision, freely and consciously, its commonly, gener-
ally accepted meaning, to the end that the most compre-
hensive application thereof may be accorded without do-
ing violence to any of its terms."

Section 8 of Article 10 of the Revised Civil Statutes
declares:

"The rule of the common law that statutes in dero-
gation thereof shall be strictly construed shall have
no application to the Revised Statutes; but the said
statutes shall constitute the law of this State respect-
ing the subjects to which they relate; and the provisions
thereof shall be liberally construed with a view to ef-
fect their objects and to promote justice."

Now the statute we are construing is a civil statute.
It authorizes the Commissioners' Court to furnish to the resident
District Judge "suitable offices ***** necessary in the perform-
ance of their duties ***** in the discretion of the Commissioners'
Court."

The term "suitable offices" in the sense used in the
statute means more than bare walls or space. When liberally con-
strued as it should be it means offices suitable in connection
with the performance of the official duties of the occupant. It
could not be said that an office was suitable for the officer if
it were not supplied with such things as chairs, desks, heat,
lights, and the like things necessary to the exigencies of the
situation.

We are of the opinion that the Commissioners' Court
would be authorized, in its discretion, to provide a resident Dis-
trict Judge with a typewriter. It is matter of common knowledge
that in this day a typewriter to such an officer is often necessary
and sometimes almost indispensable.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS:gm